IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BARBARA J. HODOLITZ, | : | CIVIL ACTION |
|---|---|---|
| Plaintiff, | : | NO. 11-5690 |
| v. | : | |
| MICHAEL J. ASTRUE, *Comm'r of Soc. Sec. Admin.* | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 17th day of December, 2012, upon consideration of Plaintiff's Request for Review (Dkt. No. 8), Defendant's Response in opposition thereto (Dkt. No. 12), the Magistrate Judge's Report and Recommendation (Docket No. 15) ("R&R"), and Plaintiff's Objections (Dkt. No. 16), it is hereby ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED;[1]

---

[1] Plaintiff's Objections largely restate the arguments she made in her opening brief. *Compare, e.g.,* Dkt. No. 8 at 5-11 *to* Dkt. No. 16 at 1-3 (both arguing that ALJ erred in finding several of Plaintiff's alleged impairments to be "not medically determinable" instead of "severe") *and* Dkt. No. 8 at 20-22 *to* Dkt. No. 16 at 3-4 (both arguing that the ALJ failed to consider how Plaintiff's non-severe impairments impacted her ability to work). Accordingly, this Court need not accord *de novo* review. *See* 28 U.S.C. § 636(b)(1).

In any event, despite Plaintiff's contentions to the contrary, the ALJ did in fact recognize evidence of both medically determinable and medically indeterminable impairments; he then determined various of the latter not to be severe. *See* Dkt. No. 15 at 11 (citing Tr. 397). Accordingly, as Plaintiff acknowledges, the ALJ did not need to consider Plaintiff's allegations relating to any of the medically indeterminable impairments. *See* Dkt. No. 16 at 2 (quoting Tr. 744).

Furthermore, the ALJ honored the mandates of SSR 96-8p ("In assessing [residual functioning capacity ("RFC")], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'") and SSR 02-2p

2. The Magistrate Judge's Report and Recommendation is APPROVED AND ADOPTED;

3. Plaintiff's Request for Review is DENIED and judgment is ENTERED in favor of Defendant.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. DARNELL JONES, II    J.

---

("If the evidence supports a possible discrete mental impairment or symptoms such as anxiety resulting from the individual's [interstitial cystitis ("IC")], we will develop the possible mental impairment [record]."). As the R&R points out, "the fact that the ALJ may not have found plaintiff's [alleged impairment] severe...does not indicate that the ALJ did not consider the limitations...when determining RFC." Dkt. No. 15 at 24 (citing Tr. 733). Similarly, although the ALJ's decision does not specifically cite to SSR 02-2p, the record nonetheless does not support Plaintiff's contention that the ALJ (and the Magistrate Judge) failed to consider SSR 02-2p. While the R&R did not explicitly mention the duty to develop the related record, the ALJ properly did so, finding that the evidence was adequate to determine that Plaintiff was not disabled by IC.